# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case Nos. 11-cr-00199-DME/12-cv-00178-DME
Related Case: 11-cr-00022-DME/12-cv-00177-DME

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARTIN HERRERA CRUZ,

        Defendant-Movant.

## ORDER

Before the Court are Defendant Martin Herrera Cruz's consolidated motions ("motion") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; the Government's answer; and Herrera Cruz's reply. (Docs. 20, 25, 26, 27 in Case No. 11-cr-00199-DME). Mr. Herrera Cruz's motion is timely and complies with the procedural requirements of § 2255. (Docs. 20, 25) However, Mr. Herrera Cruz's unsworn reply appears to have raised a new disputed question of fact, namely, whether Mr. Herrera Cruz asked his then-counsel, Edward Pluss, to file a notice of direct appeal. (Docs. 26, 27)

Mr. Herrera Cruz's unsworn reply is defective for two reasons. First, because it is unsworn, Mr. Herrera Cruz's reply fails to comport with the procedural requirements of § 2255 Rule 2(b) (requiring that motion be "signed under penalty of perjury by the movant or by a person authorized to sign it for the movant"). Second, the factual details of Mr. Herrera Cruz's claim relating to Mr. Pluss's failure to file his appeal are not clear.

If Mr. Herrera Cruz wishes to pursue his failure-to-file claim, the Court requests that he do two things in an amended pleading. First, the Court requests that Mr. Herrera Cruz provide an affidavit containing more detail about the facts underlying his claim. For example, for each time he called Mr. Pluss's office, Mr. Herrera Cruz might state (1) with whom he spoke, if anyone; (2) what Mr. Herrera Cruz actually told that person; (3) what response Mr. Herrera Cruz received from that person; and (4) what Mr. Herrera Cruz did about that response.

Second, the Court requests that Mr. Herrera Cruz comply with Rule 2(b) for all submissions to this Court. Mr. Herrera Cruz should do so by (1) submitting a sworn copy of his reply; and (2) ensuring that any additional documents he submits to this Court in response to this order are also sworn. Mr. Herrera Cruz is further advised that any sworn document will be received under penalty of perjury for false statements.

If Mr. Herrera Cruz responds accordingly within **thirty days** from the date of this order, the Court will consider whether an evidentiary hearing is necessary to resolve the question of whether Mr. Herrera Cruz asked Mr. Pluss to file a notice of direct appeal. See United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir. 2005). If the Court determines that an evidentiary hearing is necessary, the Court will appoint counsel for Mr. Herrera Cruz. See 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255. However, if Mr. Herrera Cruz fails to act on this order, the Court anticipates that an order of dismissal of the action will likely be filed.

IT IS THEREFORE ORDERED THAT

1. Mr. Herrera Cruz will be given **thirty days** from the date of this order to cause his reply to come into compliance with Rule 2(b)'s procedural requirements and to provide a sworn affidavit containing the requested clarification as to his contact with Mr. Pluss's office.

DATED this 18th day of January, 2013.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
United States Circuit Judge