IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Nos. 11-cr-00199-DME/12-cv-00178-DME
Related Case: 11-cr-00022-DME/12-cv-00177-DME

UNITED STATES OF AMERICA,

        Plaintiff

v.

MARTIN HERRERA CRUZ,

        Defendant-Movant.

**ORDER APPOINTING COUNSEL AND SETTING EVIDENTIARY HEARING**

Before the Court are Defendant Martin Herrera Cruz's consolidated motions ("motion") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; the Government's answer; Herrera Cruz's reply; and Herrera Cruz's sworn affidavit responsive to this Court's request for clarification and compliance with § 2255 Rule 2(b). (Docs. 20, 25, 26, 27, 29 in Case No. 11-cr-00199-DME) After considering Herrera Cruz's affidavit, the Court has determined that his case turns in part on a disputed questions of fact, namely, (1) whether Herrera Cruz's then-counsel, Edward Pluss, promised Herrera Cruz at sentencing that he would visit to "discuss the proceedings," Doc. 29 at 2, and (2) whether Mr. Herrera Cruz later phoned Pluss's office and informed one of Pluss's representatives that he wished to speak to Pluss about his appeal. Therefore, this Court will conduct an evidentiary hearing to resolve the factual dispute. See United States v. Garrett, 402 F.3d 1262, 1267 (10th Cir. 2005).

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), and Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll.

§ 2255 ("Rule 8(c)"), the Court orders that counsel be appointed to represent Mr. Herrera Cruz, both in conforming his reply to Rule 2(b)'s procedural requirements and at the hearing, assuming that Mr. Herrera Cruz continues to meet the financial eligibility requirements.

The hearing will be limited to resolving the disputed question of whether Mr. Herrera Cruz actually asked his then-counsel to appeal his sentence. Mr. Herrera Cruz will bear the burden of proving this fact by a preponderance of the evidence. See Young v. Sirmons, 486 F.3d 655, 680 (10th Cir. 2007) (citing Strickland v. Washington, 466 U.S. 668, 688, 693-94 (1984)).

IT IS THEREFORE ORDERED THAT

1. The Court will conduct an evidentiary hearing to resolve the factual dispute over whether Mr. Herrera Cruz asked Mr. Pluss to appeal his sentence. In order to conduct the hearing "as soon as practicable after giving the attorneys adequate time to investigate and prepare," Rule 8(c), the parties are ordered to appear in Courtroom C202 of the Byron Rogers Federal Building, 1929 Stout Street, Denver, Colorado, with all necessary evidence and witnesses, on **March 20, 2013 at 10:00 a.m. (Mountain Standard Time).**

2. The Clerk's Office shall confirm Mr. Herrera Cruz's continued eligibility for appointed counsel pursuant to the Criminal Justice Act, and, if Mr. Herrera Cruz is eligible, shall immediately appoint new counsel to represent him in the evidentiary hearing.

3. Witness and exhibit lists are to be exchanged between the parties no later than March 4, 2013.

4. No later than March 5, 2013, the parties are to contact the Court at (303) 844-3800, informing the Court of the full names and contact telephone numbers of any witnesses who will be testifying at the hearing via telephone.

DATED this  1st  day of February, 2013.

BY THE COURT:

*s/ David M. Ebel*

David M. Ebel
United States Circuit Judge